# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC J. SIMON,
          Appellant,

          v.

OFFICE OF PERSONNEL
    MANAGEMENT,
          Agency,

          and

PAMELA A. BREWER
          Intervenor.

DOCKET NUMBER
CH-0845-18-0088-I-1

DATE: April 22, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Eric J. Simon, Monclova, Ohio, pro se.

Dawn E. Sanderson, Esquire, Maumee, Ohio, for the intervenor.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed as settled his appeal of a final decision of the Office of Personnel Management (OPM) concerning an overpayment under the Federal Employees' Retirement System (FERS). Additionally, the appellant's former spouse has requested to intervene. For the reasons discussed below, we GRANT her request to intervene, GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

In 2013, the appellant and his former spouse obtained a state court decree dividing their martial property, which provided for his former spouse to receive "a pro-rata share of [his] gross monthly [FERS] annuity." Initial Appeal File (IAF), Tab 6 at 4-7. The appellant received a basic annuity and an annuity supplement. *Id.* at 8-12. In July 2016, OPM determined that, when a qualifying state court domestic relations order awarded a former spouse a portion of an annuitant's gross monthly annuity, OPM must deduct the apportionment from all monthly annuity payments, including the basic annuity and any annuity supplement, even if the order did not specifically address the annuity supplement. IAF, Tab 6 at 24-25, Tab 11 at 4. OPM applied its policy retroactively and prospectively. IAF, Tab 6 at 24-25, Tab 11 at 4. In accordance therewith, OPM issued the appellant a February 2, 2017 reconsideration decision, finding that he had improperly been paid his former spouse's apportionment of his annuity supplement, resulting in a $4,878.38 overpayment, and set a repayment schedule of 36 monthly installments of $135.51. IAF, Tab 6 at 24-26.

The appellant filed an appeal of OPM's decision, which the parties resolved by settlement agreement. IAF, Tabs 1, 8, 10. In pertinent part, the agreement provided that the appellant would withdraw his appeal in exchange for OPM

accepting repayment of the overpayment in 97 monthly installments of $50.00 and a final installment of $28.38, with no interest charged during this period. IAF, Tab 11 at 5. Pursuant to a handwritten provision in the settlement agreement inserted by the appellant, OPM further agreed that, "IN THE EVENT OPM IS DEEMED WRONG ON DISBERSMENT OF [the appellant's] FERS SUPPLEMENT OR FERS BACKPAY . . . [the appellant] WILL BE MADE WHOLE." *Id.* (spelling and ellipses as in the original). The appellant signed the agreement on January 30, 2018. *Id.*

On February 5, 2018, OPM's Office of Inspector General (OIG) issued a report, concluding that OPM's act of apportioning supplemental annuities pursuant to its July 2016 policy change was unlawful.[2] IAF, Tab 11 at 3-30. The appellant's case was one of the three examples OIG included in the report to highlight the impact that the policy had on annuitants. *Id.* at 8. OPM disagreed with the recommendations of its OIG. *Id.* at 20-23.

On February 13, 2018, the appellant submitted into the record of this appeal the OIG's report and a partially executed copy of the settlement agreement, which bore only his signature and where he highlighted the handwritten provision. IAF, Tab 11. The following day, on February 14, 2018, the agency received, signed, and entered the settlement agreement into the record, without addressing the appellant's filing. IAF, Tab 10 at 4-5.

The administrative judge determined that the parties freely entered into the settlement agreement, that it was lawful on its face, and that the parties intended to enter it into the record for enforcement purposes. IAF, Tab 12, Initial Decision (ID) at 1-3. He then issued an initial decision dismissing the appeal as settled. *Id.*

---

[2] In the report, OIG recommended that OPM cease implementing its policy change; reverse any retroactive and prospective decreases to supplemental annuities when the qualifying state court order did not expressly provide for such apportionment; and consider whether OPM had a legal obligation to notify the public of the policy change. IAF, Tab 11 at 20-23.

The appellant has filed a petition for review, to which OPM has responded.[3] PFR File, Tabs 1, 8. The appellant has filed a reply, which we have not considered given its apparent untimeliness. PFR File, Tab 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the overpayment is unlawful because he was not overpaid and, even if he were overpaid, he is entitled to a waiver. PFR File, Tab 1 at 1. Given the terms of the settlement agreement, his arguments may be construed as a petition for enforcement of the handwritten provision or a challenge to the validity of the agreement, which enforced the overpayment but adjusted his repayment schedule. *Id.*; IAF, Tab 10 at 5. Regardless, the Board must address the apparent invalidity of the settlement agreement. A challenge to the validity of the settlement agreement may properly be addressed on petition for review of the initial decision dismissing the appeal as settled. *Hazelton v. Department of Veterans Affairs*, 112 M.S.P.R. 357, ¶ 8 (2009).

A settlement agreement is a contract and may be set aside or voided only based on certain limited grounds, including, inter alia, fraud, misrepresentation by the agency, or a mutual mistake of material fact under which both parties acted. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 12 (2010); *Hazelton*, 112 M.S.P.R. 357, ¶ 11. The administrative judge determined that the settlement agreement was lawful. ID at 2. For the reasons discussed below, we disagree and find that the settlement agreement is invalid.[4]

---

[3] The appellant also submits various documents on review, only one of which was not entered into the record below—an OPM reconsideration decision issued to another annuitant waiving his overpayment. PFR File, Tab 1 at 3-46. We need not consider that document in light of our decision to remand this matter, but the administrative judge may consider it on remand.

[4] The agency argues on review that the settlement agreement was valid because the appellant's February 13, 2018 pleading was not a sufficient revocation of his counteroffer, which the agency accepted on February 14, 2018. PFR File, Tab 8 at 5-6; IAF, Tabs 10-11. Even if true, we nevertheless find the settlement agreement invalid for separate reasons.

Part of OPM's inducement for obtaining the appellant's waiver of his Board appeal rights—promising to make him "whole" in the event that the overpayment was "deemed wrong"—was invalid consideration.[5] IAF, Tab 10 at 5. To have an enforceable contract, there must be consideration, i.e., a performance or a return promise that must be bargained for and does not involve performance of a preexisting duty. *Black v. Department of Transportation*, 116 M.S.P.R. 87, ¶ 17 (2011); *see* Restatement (Second) of Contracts, § 71 (1981) (stating that "[i]n the typical bargain, the consideration and the promise bear a reciprocal relation of motive or inducement: the consideration induces the making of the promise and the promise induces the furnishing of the consideration"). OPM had a preexisting legal duty to return the apportioned amount from the appellant's annuity supplement if the overpayment determination was unlawful or improper.[6] *See* 5 U.S.C. § 8421 (listing the requirements for an entitlement to an annuity supplement); *Edney v. Office of Personnel Management*, 79 M.S.P.R. 60, ¶ 6 (1998) (explaining that if an applicant is entitled to a retirement benefit, then OPM is obligated to provide the benefit; and, if she is not, OPM is obligated to deny the benefit); *see generally Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990) (holding that the Government cannot be estopped from denying benefits not otherwise permitted by law, even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a Government official).

---

[5] In construing a contract, the Board looks to the terms of the agreement to determine the parties' intent at the time they contracted. *Sweet v. U.S. Postal Service*, 89 M.S.P.R. 28, ¶ 9 (2001). Upon such review, we find that any reasonable interpretation of the make whole term in the handwritten provision would necessarily include returning the apportioned annuity supplement. IAF, Tab 10 at 5.

[6] Ironically, should the handwritten provision become applicable because the overpayment was found unlawful or improper, that mutual mistake of law would be another basis for invalidating the settlement agreement. *Farrell v. Department of the Interior*, 86 M.S.P.R. 384, ¶ 8 (2000) (explaining that a provision in a settlement agreement must be set aside if both parties acted under a mutual mistake as to the lawfulness of the provision at issue and the provision was material to the agreement). We do not render any judgment as to the legality of the overpayment.

Here, the handwritten provision was a material term. It addressed the basis for the appellant's appeal—preventing OPM from unlawfully apportioning his annuity supplement. IAF, Tab 1 at 3, Tab 10 at 5; *cf. Young v. U.S. Postal Service*, 113 M.S.P.R. 609, ¶ 10 (2010) (defining materiality, regarding a party's noncompliance with a settlement agreement term, as a matter of vital importance or that goes to the essence of the contract). Moreover, the appellant apparently sought to enforce it when he learned that OPM's OIG had deemed OPM's policy unlawful. IAF, Tab 11 at 1-2; *see Jackson v. Department of the Army*, 123 M.S.P.R. 178, ¶ 10 (2016) (finding that the appellant's decision to invoke the revocation provision suggested that it was material to her decision to sign the settlement agreement).

In addition, the handwritten provision fails to recognize that OPM had that preexisting duty. IAF, Tab 10 at 5. Thus, the parties may have executed their agreement under a mutual mistake of fact, i.e., the shared, mistaken belief that the appellant needed to bargain for the return of the FERS benefits to which he was entitled to by law, should the overpayment be deemed unlawful. *See Vance*, 114 M.S.P.R. 679, ¶ 12 (explaining that a mutual mistake of fact is a shared, mistaken belief of the parties regarding a material assumption of fact underlying their agreement). Under these circumstances, the settlement agreement must be set aside. *See id.*, ¶ 16; *cf. Day v. Department of the Air Force*, 78 M.S.P.R. 364, 368 (1998) (recognizing that the Board may sever a nonmaterial, illegal term and enforce the rest of the agreement).

On the other hand, a showing that a reasonable person would have been misled by the agency's statements is sufficient to show misrepresentation. *See Hazelton*, 112 M.S.P.R. 357, ¶ 11. The Board repeatedly has held that whether the agency provided the misinformation intentionally, unintentionally, negligently, inadvertently, or even innocently is immaterial to whether it was, in fact, misinformation. *Cf. Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 11-12 (2010) (finding the appellant's retirement involuntary because it was

based on agency misinformation).  Thus, if OPM were aware of its preexisting legal duty, as is the more likely scenario, then it failed to correct the apparently erroneous assumption the appellant had about the existence and nature of that duty before accepting the agreement and submitting it into the record for enforcement purposes.  IAF, Tab 8 at 1-2, Tab 10 at 5.  Such agency misinformation also would be a basis for invalidating the agreement.[7]  *See Hazelton*, 112 M.S.P.R. 357, ¶ 11.

Accordingly, we find that the settlement agreement is invalid.  We remand the appellant's appeal of his overpayment under FERS for a decision on the merits.[8]

## ORDER

For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order.  On remand, the administrative judge should allow the parties an opportunity to submit further argument and evidence addressing the merits of the appellant's overpayment appeal and hold his requested hearing.  Thereafter, the

---

[7] The appellant effectively argues that OPM negotiated in bad faith.  PFR File, Tab 1 at 1.  OPM, even if not agency counsel in particular, was aware of the OIG report and its draft findings, which explicitly referenced the appellant, as early as March 2017; however, there is no indication that OPM apprised the appellant of that during settlement negotiations.  IAF, Tab 11 at 8, 24.  Finally, the timing of OPM's acceptance in relation to the publication of the OIG report and the appellant's February 13, 2018 pleading is suspect.  IAF, Tabs 10-11.  Negotiating in bad faith may be another basis for setting aside the agreement.  *Vance*, 114 M.S.P.R. 679, ¶¶ 13-16.  However, we need not reach a finding as to whether OPM also acted in bad faith, given the above-stated reasons for invalidating the agreement.

[8] We deny OPM's request for a stay of a decision on the appellant's petition for review or withdrawal of the appeal without prejudice until the Board issues its decision in *Moulton v. Office of Personnel Management*, MSPB Docket No. DE-0841-18-0053-I-1.  In light of our foregoing analysis and remand decision, the requested stay or withdrawal is not appropriate.

administrative judge should issue a new initial decision on the merits of the appeal.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.